**REVISED DECEMBER 4, 2015**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10373
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2015

Lyle W. Cayce
Clerk

DIANA RUCKER,

Plaintiff–Appellant,

versus

BANK OF AMERICA, N.A.,
  as Successor by Merger to BAC Home Loans Servicing LP
  as Successor to Countrywide Home Loans, Inc.;

WELLS FARGO BANK, N.A., as Trustee for the Certificate Holder of
  Park Place Securities Inc., Asset-Backed Certificate Series 2005-WCW2,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Diana Rucker appeals a summary judgment in favor of Bank of America, N.A. ("BOA"), regarding her default on a home mortgage. Rucker specifically appeals the conclusions that Section 51.002(d) of the Texas Property Code does not give rise to a private cause of action and that claims under the Texas Debt Collection Act ("TDCA") are subject to the economic-loss rule. We affirm on other grounds.

No. 15-10373

## I.

Rucker bought her house in 2005 with a $175,000 loan from Argent Mortgage Company, LLC ("Argent"), executing a note and deed of trust. Argent assigned the deed of trust to Wells Fargo Bank, N.A. ("Wells Fargo"), and BOA is Wells Fargo's loan servicer.

Rucker defaulted in October 2007. She alleges that, on multiple occasions between 2008 and 2012, she communicated with BOA about modifying the loan but that BOA consistently denied her requests, failed to respond, or misrepresented the status of the loan. On January 15, 2010, BOA sent Rucker a notice of default indicating that it planned to accelerate the loan on February 14 if she did not bring it current. She failed to meet the deadline.

BOA initiated foreclosure in August 2012. Rucker sued BOA and Wells Fargo in state court in April 2013, alleging, among other claims, that BOA had violated the Property Code and TDCA. BOA removed to federal court, which granted summary judgment.

## II.

We review a summary judgment *de novo*. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 n.12 (5th Cir. 2009). We "may affirm [the] judgment on any grounds supported by the record." *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citation omitted).

## III.

Rucker asserts that BOA violated Section 51.002(d).[1] She does not bring

---

[1] The section provides,

Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor' residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving

No. 15-10373

a wrongful-foreclosure claim but instead maintains that that subsection confers an independent private cause of action. The district court granted summary judgment on that claim, reasoning that Section 51.002(d) authorizes only a claim for wrongful foreclosure.

Even if, *arguendo*, Section 51.002(d) authorizes a private cause of action, Rucker fails to state a claim.[2] The statute requires that the loan servicer provide notice of default and at least twenty days to cure before giving notice of sale. BOA offered undisputed evidence that it sent Rucker a notice of default on January 15, 2010, informing her that she had until February 14 to avoid foreclosure by making all payments due since October 2007. Rucker does not allege that BOA attempted to send her a notice of sale or to initiate foreclosure before February 14. The January 15 letter gave her notice of the default and provided more than the required twenty days to cure it. The Section 51.002(d) claim fails as a matter of law.

## IV.

Rucker avers that BOA's communications with her between 2008 and

---

the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). The entire calendar day on which the notice required by this subsection is given, regardless of the time of day at which the notice is given, is included in computing the 20-day notice period required by this subsection, and the entire calendar day on which notice of sale is given under Subsection (b) is excluded in computing the 20-day notice period.

TEX. PROP. CODE ANN. § 51.002(d).

[2] Although the Texas Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action. *See, e.g.*, *Anderson v. CitiMortgage, Inc.*, No. 4:13-CV-369, 2014 WL 2983366, at *5 (E.D. Tex. July 1, 2014); *Ashton v. BAC Home Loans Serv., L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013); *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, at *7 (S.D. Tex. June 6, 2012). *But see Sanchez v. Bank of Am., N.A.*, No. 3:14-cv-2571-B, 2015 WL 418084, at *5 (N.D. Tex. Jan. 30, 2015) (refusing to dismiss claim under Section 51.002(d) on Federal Rule of Civil Procedure 12(b)(6) motion); *Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-O, 2013 WL 6840022, at *6 (N.D. Tex. Dec. 27, 2013) (same).

No. 15-10373

2012 violated Sections 392.301(a)(8), 392.303(a)(2), and 392.304(a)(8) of the TDCA. The district court granted summary judgment on those claims, believing that the economic-loss rule applies to TDCA claims. After summary judgment, but before the parties filed briefs on appeal, we decided, in *McCaig v. Wells Fargo Bank, N.A.*, 788 F.3d 463, 474–75 (5th Cir. 2015), that the economic-loss rule does not bar TDCA claims. That is of no moment, however, because we affirm on a different ground.[3]

Section 392.301(a)(8) prohibits mortgage servicers from attempting to recover an outstanding loan by "threatening to take an action prohibited by law." TEX. FIN. CODE ANN. § 392.301(a)(8). Rucker alleges that BOA's threatened foreclosure was prohibited by law because BOA had not yet given the statutorily required notice of acceleration. Rucker cites *McCaig* for the proposition that "[i]n determining whether foreclosure would be prohibited by law [] what matters is whether the mortgagee has a right to foreclose, not whether the debt is considered in default." *McCaig*, 788 F. 3d at 478.

Rucker mischaracterizes *McCaig*, in which we decided that a mortgagee violated Section 392.301(a)(8) by threatening to foreclose after specifically waiving its right to do so. *Id.* at 477. By contrast, we reasoned that the mortgagee would not have violated that subsection if it had retained its *contractual* right to foreclose and the mortgage was in fact in default.[4] Here, BOA never

---

[3] One may justifiably posit that Rucker has waived her TDCA claims by failing to assert them in her initial brief, though she raises them in her reply brief. *See DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 326 n.2 (5th Cir. 1997). Rucker's initial brief asserts only that the district court erred by applying the economic-loss doctrine to claims under the TDCA but does not mention *McCaig* or the merits of her TDCA claims. We decided *McCaig* on June 10, 2015; Rucker filed her initial brief a month later. We need not decide waiver, however, because each TDCA claim fails as a matter of law.

[4] *McCaig*, 788 F.3d at 478 (citing *Wildy v. Wells Fargo Bank, N.A.*, No. 3:12-cv-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) ("[F]oreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their

waived its contractual right to foreclose, and Rucker was in default at all times after October 2007. Thus, irrespective of any statutory notice requirements, BOA did not violate Section 392.301(a)(8) by threatening to foreclose.

Section 392.303(a)(2) prohibits mortgage servicers from using unfair or unconscionable means such as "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless [the fee] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE ANN. § 392.303(a)(2). On appeal, Rucker claims that BOA assessed excessive fees—totaling roughly $2,000 over seven years—but does not contest whether the DOT authorized BOA to assess such fees. In fact, in response to the motion for summary judgment, Rucker conceded, "Defendants may be authorized, by the Deed of Trust and Note, to charge inspection fees or corporate advances as well as miscellaneous fees . . . ." Section 392.303(a)(2) prohibits mortgage servicers from attempting to assess fees when such fees are not authorized by the DOT; it does not create a cause of action to challenge assessed fees as unreasonable. Rucker fails to allege a violation of Section 392.303(a)(2), so summary judgment on that claim is appropriate.

Section 392.304(a)(8) prohibits mortgage services from making misrepresentations about a debt.[5] Rucker must show BOA made a misrepresentation

---

mortgage.")).

[5] The subsection reads,

Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: (8) misrepresenting the character, extent, or amount of consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

TEX. FIN. CODE ANN. § 392.304(a)(8).

that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). Rucker contends BOA violated that subsection by sending her four letters stating that she owed BOA different amounts. When examined more closely, the letters are consistent with each other and are not a misrepresentation.

BOA's January 15, 2010, letter informed Rucker that to bring the loan current, she had to pay $86,993.62 by February 14—an amount that represented her unpaid monthly charges since October 2007 plus late fees. BOA's July 12 letter informed Rucker that she owed $244,307.66—the total outstanding principal, interest, charges, and fees. Like the January 15 letter, BOA's October 28, 2011, letter notified Rucker that she must pay $146,025.97 to bring her loan current. Finally, like the July 12, 2010, letter, BOA's August 20, 2012, letter conveyed that Rucker still owed a *total* of $285,300.85.

Rucker does not contend that any one letter is a misrepresentation in and of itself but rather that the amounts differ, so the letters are misleading as a whole. But the letters explicitly state that they are describing two different types of obligations: notices of the entire outstanding obligation and notices of the amount due to bring the loan current. Each category is internally consistent and consistent with the other. Rucker's amount to bring the loan current continued to grow over time because she was not making adequate payments and still occupied the property. The total outstanding obligation grew for the same reason. The letters were not misrepresentations but, instead, were accurate descriptions of two different types of obligations and were specifically identified as such.

Moreover, Rucker fails to establish any of the elements required by Section 392.304(a)(8). *See id.* Rucker never alleges that BOA made her unaware

of her mortgage debt.  Rather, she attempted to modify the debt up to when she sued; she had to be aware of it to try to modify it.  Additionally, as described above, she fails to show how BOA's alleged misrepresentations misled her as to the "specific amount" owed.  *See id.*  This notion fails, because each letter specifically identifies the obligation it described and stated it accurately.

Finally, Rucker offers no evidence that BOA misrepresented whether her loan was in default.  Even accepting, as true, her allegation that BOA repeatedly sent her information about loan modifications, there is no evidence that BOA equivocated on the status of the loan.  Indeed, each of the four letters upon which Rucker bases her Section 392.304(a)(8) claim explicitly states that the loan is in default.  Rucker has no valid claim under Section 392.304(a)(8).

AFFIRMED.