# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2020

Lyle W. Cayce
Clerk

No. 19-50816
Summary Calendar

ELAINE HUCKABY; J. NEAL HUCKABY,

     Plaintiffs–Appellants,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for Nomura
Asset Acceptance Corporation, Alternative Loan Trust, Series 2700-1
Mortgage Pass-Through Certificates, Series 2700-1,

     Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC 1:18-CV-431

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:*

     The Huckabys have been in default on their 2006 home equity loan since January 2011. Starting in April 2012, the banks that have held the note for the loan have accelerated the loan and then rescinded the accelerations several times. On one occasion, HSBC, the current holder of the note, accelerated the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

loan, sent "a mortgage statement requesting less than the accelerated [l]oan balance," and then rescinded its acceleration of the loan. The Huckabys sought a declaratory judgment in the district court "that there is no valid lien or debt on their home." They also alleged HSBC violated the Texas Debt Collection Practices Act (TDCPA) by threatening to foreclose on the Huckabys' house.[1] The magistrate judge recommended summary judgment in favor of HSBC on both claims. The Huckabys did not object to the magistrate's report and recommendations. The district court adopted the magistrate judge's report and recommendations and granted summary judgment to HSBC. This appeal followed.

The Huckabys ask us whether "the district court err[ed] in finding [that the Huckabys] did not submit sufficient proof that abandonment of [the March 15, 2018] acceleration had occurred." Insofar as this is an evidentiary issue related to the validity of the lien, it is irrelevant because HSBC voluntarily rescinded the March 15, 2018 acceleration before the statute of limitations governing the lien took effect.[2] Thus, resolving whether HSBC abandoned the acceleration of the loan before its recision of that same acceleration would not affect the validity of the lien. Either way, the original maturity date on the note was restored.[3]

To the extent the Huckabys' question is an evidentiary issue related to their TDCPA claim, it is also unavailing. HSBC did not violate the TDCPA when it threatened to foreclose on the loan because HSBC "retained its

---

[1] *See* TEX. FIN. CODE ANN. § 392.301.

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.035, 16.038.

[3] *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) ("'Abandonment of acceleration has the effect of restoring the contract to its original condition,' thereby 'restoring the note's original maturity date' for purposes of accrual." (quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.))).

contractual right to foreclose and the [loan] was in fact in default."[4]  This fact remains true "irrespective of any statutory notice requirements," including whether an acceleration of the loan was abandoned and not restarted.[5] Therefore, the Huckabys would not prevail on their TDCPA claim even if we conclude that HSBC abandoned its acceleration of the loan and then threatened foreclosure with an unaccelerated debt.

*     *     *

The district court's judgment is AFFIRMED.

---

[4] *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) (emphasis omitted) (citing *McCaig v. Wells Fargo Bank, N.A.*, 788 F.3d 463, 478 (5th Cir. 2015)).

[5] *Id.*