**Affirmed and Opinion Filed June 10, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00051-CV

### TIOMBE JONES-ADEGBOYEGA AND EMMANUEL ADEGBOYEGA, Appellants
### V.
### FOERCH FAMILY TRUST, JOZEF DAVID FOERCH, & BARBARA FOERCH, Appellees

**On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-18-11117**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

Appellants Timbe Jones-Adegboyega ("Jones") and Emmanuel Adegboyega ("Adegboyega") appeal the trial court's take nothing judgment on their wrongful foreclosure claim against appellees the Foerch Family Trust, Jozef David Foerch, and Barbara Foerch. In two issues, appellants claim jury charge error and assert various irregularities in the foreclosure process render the foreclosure sale void. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On April 26, 2010, the Helmet Street Family Trust ("Helmet Trust"), Kevin DeFrang ("DeFrang"), Trustee, acquired a residential property located in the City of Irving (the "Property"). In connection with that acquisition, the Helmet Trust, through its trustee DeFrang, executed a Deed of Trust, for the benefit of the Foerch Family Trust, David Foerch and Barbara Foerch, Trustees, and a Real Estate Lien Note, in the principal amount of $71,000, payable to the Foerch Family Trust, David Foerch and Barbara Foerch, Trustees.

It appears that on August 6, 2010, Jones acquired Property.[1] In connection with that acquisition, Jones executed a Note in the amount of $95,000 payable to the Helmet Trust, and a Deed of Trust, which provided, in part:

> **Prior Liens:** The Deed of Trust securing this note shall also remain subordinate to the liens, as renewed, extended, reamortized, or otherwise adjusted from time to time which are existing prior to the making of this note. The first being in the original principal amount of Seventy-One_ Thousand Dollars and 00/100 ($71,000.00), which is dated 4/33/2010, [sic] executed by Jozeph Foerch Trustee of the Foerch Family Trust, and more described in a deed of trust recorded in the Official Real Property Records of Dallas County, Dallas, Texas.

Thus, Jones was on notice when she purchased the Property from the Helmet Trust that it was encumbered by the Foerch Family Trust lien. Thereafter, Jones married Adegboyega and she executed a deed naming him a co-owner of the Property.

---

[1] The Warranty Deed with Vendor's Lien was executed by P. Shields as Trustee. Jones testified that she assumed Shields is a trustee of the Helmet Trust. Because of our disposition of this appeal, we need not determine whether this document effectively transferred title to the Property to Jones when she purchased same from the Helmet Trust.

In 2012, Jones discovered that the Helmet Trust was not keeping up on its obligation to pay the insurance and taxes on the Property.[2] Thereafter, she renegotiated the contract with the Helmet Trust to reflect that from that point forward she would directly pay the property taxes and insurance.

The Helmet Trust defaulted on its payment obligations to the Foerch Family Trust in 2012. The Foerch Family Trust, through substitute trustee Joe Putnam, foreclosed on the Property on July 3, 2018. After Appellants raised complaints about that foreclosure, the substituted trustee conducted a second foreclosure sale on November 6, 2018, with the Foerches purchasing the Property.

Appellants sued DeFrang and the Helmet Trust for fraud and obtained a judgment against them for $45,000. DeFrang and the Helmet Trust are not parties to this appeal. Appellants also sued the Foerches and the Foerch Family Trust asserting various claims, including "improper foreclosure" on DeFrang and the Helmet Trust. The jury found against appellants on their claims against the Foerches and the Foerch Family Trust.[3] The trial court signed a judgment consistent with the jury's findings. This appeal followed.

---

[2] Apparently, Jones was escrowing insurance and tax payments with the Helmet Trust.

[3] In addition to finding against appellants on their improper or wrongful foreclosure claim, the jury found against them on their claims of breach of the doctrine of laches by delaying the foreclosure against DeFrang and the Helmet Trust, fraud, and conspiracy. Appellants do not contest the jury's finding on these other claims on appeal.

DISCUSSION

## I.    Charge Error

In their first issue, appellants urge the trial court abused its discretion in denying their request for a jury question concerning "invalid foreclosure" and submitting a question on "improper foreclosure" instead.

In order to preserve a claim of charge error, the appellant must comply with rules 271 through 279 of the Texas Rules of Civil Procedure. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 267 (Tex. 1992). If the alleged error is the omission of an instruction or question relied on by the requesting party, three steps are required by the rules to preserve error: a proper instruction must be tendered in writing and requested prior to submission; a specific objection must be made to the omission of the instruction or question; and the court must make a ruling. TEX. R. CIV. P. 271–279; *see also Nationscredit Corp. v. CSSI, Support Grp., Inc.*, No. 05-99-01612-CV, 2001 WL 200147, at *12 (Tex. App.—Dallas March 1, 2001, no pet.) (not designated for publication); *Fort Worth Indep. Sch. Dist. v. Palazzolo*, 498 S.W.3d 674, 679 (Tex. App.—Fort Worth 2016, pet. denied).

Appellants claim they tendered their question on invalid foreclosure in writing prior to submission of the charge to the jury. Appellees contend they did not. Appellants requested a supplemental clerk's record that was filed with this Court on September 15, 2021. That record contains a "Draft of Joint Proposed Jury Charge" that was filed in the trial court on August 16, 2021, along with an email from counsel

for appellees to the trial court's coordinator dated March 11, 2020, at 4:12:17 p.m., with a subject matter of "Final proposed jury charge," stating, "I have met with opposing counsel and here is the final proposed jury charge. Two extra questions were added at the end but otherwise the charge is the same as the one you were sent about 2:15."[4] Without further clarification from the trial court, we cannot discern whether the proposed jury charge was actually presented to the presiding judge prior to the submission of the case to the jury as required by the applicable rules of procedure. *See* TEX. R. CIV. P. 273. Nevertheless, we need not further delay the disposition of this case by seeking clarification,[5] because we conclude there is no error. Accordingly, we deny appellees' motion to strike the supplemental record as moot.

The standard of review for alleged jury charge error is abuse of discretion. *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). The trial court has broad discretion in submitting jury questions so long as the questions submitted fairly place the disputed issues before the jury. *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 653 (Tex. App.—Dallas 2002, pet. denied).

Appellants claim the following question should have been submitted to the jury.

---

[4] Trial of this case began on March 10, 2020 and concluded on March 12, 2020.

[5] *See* TEX. R. APP. P. 43.6.

> Do you find that David Foerch, Barbara Foerch, and Foerch Family Trust's foreclosure on Kevin DeFrang and the Helmet Street Family Trust was valid?

Appellants have not cited any authority for the submission of this question and have failed to demonstrate that an alleged "invalid foreclosure" obtains separate and apart from a recognizable wrongful foreclosure claim.[6] The elements of a wrongful foreclosure claim are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Bayview Loan Servicing, LLC v. Martinez*, No. 05-14-00835-CV, 2016 WL 825670, at \*3 (Tex. App.—Dallas March 3, 2016, no pet.) (mem. op.). In addition, in their live pleading, appellants asserted the foreclosure was "improper," not invalid. The trial court submitted the question on wrongful foreclosure, using appellants' "improper foreclosure" language, as set forth in their live pleading, to the jury with an instruction that included all of the elements of a wrongful foreclosure claim.[7] Thus, the jury question fairly placed the disputed issue before the jury.

---

[6] While appellants attempt to characterize their assertion of an "invalid foreclosure" as an action under section 51.002 of the property code—the section that provides rules for a sale of real property under a contract lien—that section does not create an independent cause of action. *See Rucker v. Bank of Am., N.A.*, 806 F.3d 830 n.2 (5th Cir. 2015). Claims brought pursuant to section 51.002 are generally construed as wrongful foreclosure claims. *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at \*4 (S.D. Tex. July 19, 2013).

[7] More particularly, the trial court submitted the following question to the jury.

> An improper foreclosure occurs when there is (1) a defect in the foreclosure proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price.

In all events, appellants' requested instruction sought to create a new cause of action based solely on the first element of a wrongful foreclosure claim, eliminating any required proof of causation of injury.[8] The law has not recognized such a claim. Accordingly, the trial court did not abuse its discretion in declining to accept appellants' invitation to do so. We overrule appellants' first issue.

## II.    Alleged Improper Foreclosure

In their second issue, appellants urge the evidence is conclusive that the foreclosure was wrongful. Appellants contend they established that the foreclosure had not been performed according to law and was therefore invalid. More particularly, appellants urge there were various irregularities in the foreclosure process any one of which would render the foreclosure void, with title resting with appellants.

Appellants' second issue addresses the first element of their wrongful foreclosure claim only, their "invalid foreclosure" theory, which we have determined the trial court properly rejected. Appellants do not assert the evidence conclusively established the second and third elements of their wrongful foreclosure claim. Having concluded that the trial court did not err in submitting the wrongful

---

Did David Foerch, Barbara Foerch and Foerch Family Trust improperly foreclose on Kevin DeFrang and Helmet Street Family Trust?

[8] Irregularities in the conduct of the foreclosure sale will not vitiate the sale unless the irregularities result in injury to the mortgagor. *Charter Nat. Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

foreclosure claim to the jury and in refusing to submit appellants' proposed question on the first element of the claim only, and recognizing appellants do not address the second and third elements of a wrongful foreclosure claim, it is not necessary for us to determine whether the evidence conclusively established there were defects in the foreclosure process. *See* TEX. R. APP. P. 47.1; *see also OakBend Medical Ctr. v. Simons*, No. 01-19-00044-CV, 2021 WL 3919218, at *14 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, no pet.).

Nevertheless, for the reasons set forth below, we conclude appellants' contentions concerning the foreclosure process are unfounded.

Appellants urge because substituted trustee, Putnam, prepared and signed the deed conveying the Property to the Foerches before the foreclosure sale, the substitute trustee's deed is "false." Appellants cite no authority establishing that it is improper to prepare and sign a trustee's deed prior to the sale. In fact, the recitals in the trustee's deed give rise to a presumption of validity of the sale. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983). Putnam testified that preparing a deed prior to a sale is a common occurrence and that he would not have executed and filed the document if something had happened at the sale to make the prepared deed not correct. If someone other than the Foerches had bid on the Property at the sale, Putnam would not have filed the deed that he prepared before the foreclosure sale. No one bid on the Property at the foreclosure sale, so the substitute trustee's deed was accurate when Putnam filed it in the property records.

–8–

Accordingly, appellant's argument as to the timing of the preparation of the trustee's deed does not impact the jury's determination there was no defect in the foreclosure proceedings.

Appellants next contend that the attempted foreclosure was invalid because Putnam failed to provide them notice of same. As an initial matter, we recognize notice to a property owner who is not a party to a deed of trust is generally not required. *See 402 Lone Star Prop., LLC v. Bank of America, N.A.*, No. 03-13-00322-CV, 2014 WL 4058715, at *3 (Tex. App.—Austin Aug. 12, 2014, no pet.); *Lawson v. Gibbs*, 591 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Nevertheless, the evidence at trial established Jones and her mother knew about the foreclosure proceeding on November 6, 2018, and appeared at the courthouse. Thus, the jury was justified in rejecting this claim of a defect in the process.

Appellants also contend that the posted notice of the November foreclosure sale was improper because it did not include the address for the substitute trustee. Failure to include the substitute trustee's address is the type of minor defect that the supreme court held would not void a foreclosure sale. *See e.g, Kourosh Heyari v. Stephens*, 355 S.W.3d 623, 628 (Tex. 2011) (per curiam). Moreover, the record establishes Jones knew how to reach Putnam as she went to his office in July 2018 to review documents related to the first foreclosure. Thus, again, the jury was justified in rejecting appellants' assertion in this regard.

Appellants also contend that the substitute trustee lacked the authority to sell the Property because he notarized his own appointment. There is no requirement that the appointment of the substitute trustee be notarized. A substitute trustee may be appointed or authorized by power of attorney, corporate resolution, or other written instrument. TEX. PROP. CODE ANN. § 51.0075(c). Moreover, evidence was presented at trial that the Foerches appointed Putnam as the substituted trustee. Again, the jury was justified in rejecting this argument of appellants.

Appellants contend that the substituted trustee did not attend the foreclosure sale of offer the Property for sale. Putnam testified that on November 6, 2018, he came to the northside of the George Allen Courthouse to conduct the foreclosure sale prior to 12:30, as instructed, and there were no bidders. He then walked from the courthouse to Renaissance Tower, where the Dallas County records department was being temporary housed during renovations to the Records' building, to record the substituted trustee deed, which is filed marked at 1:10 p.m. on that day. While Jones' mother testified she was at the courthouse for the foreclosure sale on November 6, 2018, at approximately 11:40, that the foreclosure sale was to take place between 12:00 p.m. and 12:30 p.m. and that she did not see Putnam, the jury was free to believe Putnam instead of Jones' mother. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

Appellants further contend that Putnam engaged in self dealing because he allegedly attempted to arrange the sale of the Property to another potential purchaser,

–10–

who buys and sells houses, prior to the foreclosure. Putnam testified that all he did was give this potential purchaser the Foerches' phone number. Putnam indicated that he does not derive any personal financial benefit from referring properties to this individual. Thus, the jury was justified in rejecting appellants' self dealing assertion as somehow being a defect in the foreclosure process.

For the foregoing reasons, we overrule appellants' second issue.

## CONCLUSION

We deny appellees' motion to strike the supplemental clerk's record that was filed with this Court on September 15, 2021, as moot, and affirm the trial court's judgment.


210051f.p05

/David J. Schenck//
DAVID J. SCHENCK
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIOMBE JONES-ADEGBOYEGA
AND EMMANUEL
ADEGBOYEGA, Appellants

No. 05-21-00051-CV          V.

KEVIN DEFRANG, HELMET
STREET FAMILY TRUST,
FOERCH FAMILY TRUST, JOZEF
DAVID FOERCH, & BARBARA
FOERCH, Appellees

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-11117.
Opinion delivered by Justice
Schenck. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KEVIN DEFRANG, HELMET STREET FAMILY TRUST, FOERCH FAMILY TRUST, JOZEF DAVID FOERCH, & BARBARA FOERCH recover their costs of this appeal from appellant TIOMBE JONES-ADEGBOYEGA AND EMMANUEL ADEGBOYEGA.

Judgment entered this 10th day of June 2022.