# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2022

Lyle W. Cayce
Clerk

No. 22-20005

Tiffany Nicole Pearson,

*Plaintiff—Appellant*,

*versus*

Specialized Loan Servicing, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4044

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Tiffany Nicole Pearson sued Specialized Loan Servicing, LLC (SLS), alleging that SLS violated the Texas Debt Collection Act by misstating the loan balance and foreclosure status of Pearson's home in its payoff statement mailed to First American Title Guaranty Company. The district court granted summary judgment to SLS, and Pearson appeals. We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20005

## I.

SLS was the mortgage servicer on Pearson's mortgage. On December 30, 2019, after Pearson defaulted on that mortgage, SLS sent notice to Pearson that it would be pursuing a non-judicial foreclosure on Pearson's property on February 4, 2020. The sale proceeded on that date and the property was sold to GAMC, Inc.

Pearson, purportedly unaware that the foreclosure sale had gone forward, contracted with Yuexin Wang to sell Wang the property. Pearson and Wang set a proposed closing date of February 17, 2020. First American was retained to insure Wang's title and close the transaction. On February 10, 2020, First American sent a letter to SLS requesting that SLS provide First American a "demand" establishing the "amount necessary to pay [Pearson's loan] obligation in full" through February 17, 2020.

SLS sent First American a payoff statement the next day. It read:

THIS STATEMENT REFLECTS THE TOTAL AMOUNT DUE UNDER THE TERMS OF THE NOTE/SECURITY INSTRUMENT THROUGH THE CLOSING DATE WHICH IS 02/04/20 or the date the loan is transferred to a new servicer. If this obligation is not paid in full by this date, then you should request an updated payoff amount before closing.

The statement provided that, as of February 4, 2020, the "Total Amount Due" was $125,448.73; that amount would accrue $23.4824 in interest per day should the balance not be paid by that day; and the payoff statement's expiration date was February 4, 2020.

At their closing on February 17, 2020, Pearson executed a warranty deed conveying the property to Wang. When it was later discovered that Pearson had no title to convey, First American paid on its insurance policy to Wang. First American then sued Pearson in Texas state court. Pearson in

No. 22-20005

turn brought a third-party suit against SLS. Relevant to this appeal, Pearson alleged that SLS violated the Texas Debt Collection Act by "misrepresenting the character, extent, or amount of a consumer debt" in its February 11 payoff statement. TEX. FIN. CODE § 392.304(a)(8).

The cases were severed, and SLS removed Pearson's suit against it to federal court. The district court granted summary judgment to SLS, concluding that SLS's payoff statement did not contain any misrepresentations. Pearson timely appealed.

## II.

We review a district court's grant of summary judgment de novo. *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). Summary judgment is appropriate if the record evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Because we have diversity jurisdiction over this dispute and the underlying conduct, i.e., the sale of the property, occurred in Texas, we apply Texas law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

## III.

Pearson challenges three aspects of the payoff statement: She contends that the payoff statement misrepresented (1) the amount owed, because the statement listed a closing date of February 4, 2020, rather than February 17, 2020; (2) that interest continued accruing after February 4; and (3) the foreclosure status of the property, by indicating interest would continue to accrue.

Section 392.304(a)(8) of the Texas Finance Code prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt." *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026

(5th Cir. 2014).  A misrepresentation is "an affirmative statement that was false or misleading."  *Id.* (quoting *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (per curiam)) (emphasis omitted).  To prevail, Pearson must show that SLS "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015) (citing *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)).

Pearson contends that because the payoff statement calculated the loan payoff amount as of February 4, 2020, rather than February 17, 2020, as First American requested, SLS falsely represented that there was still a mortgage owed on the property.  Texas law requires a payoff statement to "(1) state the proposed closing date for the sale and conveyance of the real property securing the home loan . . . and (2) provide a payoff amount that is valid through that date."  TEX. FIN. CODE § 343.106(d).  True enough, SLS's payoff statement calculated the loan balance using the date of February 4, 2020 (the day the property was sold via foreclosure sale).  But that error does not rise to an actionable misrepresentation under § 392.304(a)(8).  While the date on the payoff statement may have been incorrect, nothing else was.  The loan information in the payoff statement was not false or misleading:  SLS accurately provided the loan balance through February 4, specified the per diem interest rate, and explicitly stated that the payoff statement expired on February 4.

Pearson counters that even if the payoff statement contained "technically truthful statement[s]," it was nevertheless misleading because First American did not request "pre-foreclosure information" but rather asked for the payoff amount as of February 17, 2020.  She reasons that SLS's decision to send pre-foreclosure information without explanation was

misleading because the statement should have reported that there was no payoff balance after the February 4 foreclosure sale.

Perhaps such an explanation would have helped Pearson understand the property's foreclosure status before she executed a warranty deed in favor of Wang. But, as a threshold matter, Pearson *had received notice*, as early as December 30, 2019, that her property was in foreclosure and was set to be sold on February 4, 2020. Nothing in the record indicates that she did not receive the notice, or had reason to believe that the foreclosure sale did not proceed, or took any action before or after the February 4 sale date to determine the status of her property.

Beyond that, just because the payoff statement might have been clearer does not mean it included actionable misrepresentations. Even when a lender's "statements about [the] [p]laintiffs' foreclosure and acceleration status were confusing," we have found no violation of § 392.304(a)(8) when the statements "did not lead [p]laintiffs 'to be unaware (1) that [they] had a mortgage debt, (2) of the specific amount [they] owed, or (3) that [they] had defaulted.'" *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 873 (5th Cir. 2021) (per curiam) (alteration in original) (quoting *Rucker*, 806 F.3d at 832); *see also Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 374–75 (5th Cir. 2021). This situation is similar. Given that the payoff statement did not use the proposed closing date requested by First American, it may have caused some confusion. Nevertheless, as discussed above, the payoff statement was otherwise accurate. Pearson's assertion that SLS should have told her that a payoff was unnecessary, or that her property had already been sold, is unavailing.

Pearson's arguments related to the payoff statement's stipulations regarding accrual of per diem interest fare no better. The payoff statement provided that "[f]unds received after the expiration date[, February 4, 2020,]

No. 22-20005

w[ould] accrue interest per diem in the amount of $23.4824." This was a misrepresentation, she posits, because there should have been no interest to accrue given that the loan balance was zero after foreclosure. Or, the statement's language misleadingly indicated that foreclosure had not yet occurred. But a payoff statement is required to demonstrate the payoff amount valid *through* closing, not after. TEX. FIN. CODE § 343.106(d). This one did so. The payoff and per diem interest provisions accurately reflected what the payor would owe through a closing date of February 4, 2020, and thereafter if payoff was delayed. The statement did not misstate the amount or character of the debt or the status of foreclosure. *See Colbert*, 850 F. App'x at 873; *cf. Rucker*, 806 F.3d at 832.

## IV.

Because SLS provided a payoff statement valid through February 4, 2020—the date that the property was sold via foreclosure sale—as opposed to February 17, 2020—the proposed closing date requested by First American—SLS did not comply with § 343.106(d). But that noncompliance in itself does not give rise to any actionable misrepresentation under § 392.304(a)(8), because nothing in the payoff statement was false or misleading. The district court's judgment is

AFFIRMED.