# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-20128
Summary Calendar

IGNACIO RODRIGUEZ,

Plaintiff–Appellant,

v.

OCWEN LOAN SERVICING, LLC,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4546

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ignacio Rodriguez appeals a district court order dismissing his claims and argues that the district court erred in holding that he (1) failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) for wrongful foreclosure in violation of § 51.002 of the Texas Property Code; (2) lacked standing to pursue his breach-of-contract claim; and (3) failed to meet the heightened pleading

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard applicable to his fraud claim under Federal Rule of Civil Procedure 9(b). We affirm.

I

In October 2006, Eusebio and Delia Olivares executed a bill of sale to sell property at 4522 Hanley Street in Houston, Texas (the Hanley Property), to Ignacio Rodriguez. The bill of sale reflected a cash deposit, an attorney-fee payment, and a lien subject to payoff verification as the consideration for sale. Rodriguez's lawyer obtained a payoff quote from Ocwen Loan Servicing, LLC, the servicer of the Olivareses' loan, in early April 2007.

By this time, Ocwen had initiated proceedings to foreclose on the Hanley Property, and on April 9, the substitute trustee filed a Notice of Trustee's Sale stating that the Hanley Property would be sold at auction on May 1. The Olivareses executed a general warranty deed conveying the property to Rodriguez on April 17. The property was sold at the foreclosure auction on May 1. On May 2, Rodriguez's lawyer faxed Ocwen a notice of loan approval indicating that Rodriguez had secured a loan for the purchase of the Hanley Property. The general warranty deed that was executed in April was recorded on May 3.

On May 8, the Substitute Trustee's Deed reflecting the foreclosure sale was filed along with an affidavit stating that the "holders of the debt caused the attached [April 9, 2007] Notice of Trustee's Sale to be served and said Notice was served by Certified Mail upon all debtors obligated to pay the debt described in said Notice of Trustee's Sale, according to the records of such holders(s), at least twenty-one (21) days preceding the date of sale." In July, Ocwen responded to Rodriguez's request for information about the foreclosure sale with a letter providing the dates on which Ocwen had initiated foreclosure proceedings. Ocwen then sent the foreclosure sale notice to the Olivareses and sold the property.

Rodriguez subsequently filed suit in Texas state court, asserting claims against Ocwen for wrongful foreclosure, breach of contract, tortious interference with contract, and fraud. Ocwen removed the case to the Southern District of Texas and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion.

Rodriguez appeals the district court's decision with respect to his wrongful-foreclosure, breach-of-contract, and fraud claims. We have jurisdiction under 28 U.S.C. § 1291 and review the ruling on the motion to dismiss de novo.[1]

II

In reviewing a dismissal under Rule 12(b)(6), "we accept as true the well-pleaded factual allegations in the complaint,"[2] which "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[3]

Rodriguez alleges that he was entitled to notice of the foreclosure sale under Texas Property Code § 51.002, which requires, in relevant part, that the mortgage servicer of the debt serve the debtor with written notice of the default by certified mail and give the debtor at least twenty days to cure the default.[4] Once that twenty-day notice period expires, notice of the sale must be served by certified mail on each debtor who is obligated to pay the debt according to the records of the mortgage servicer.[5] This notice must be provided at least twenty-one days before the date of sale and include a statement of the earliest time the

---

[1] Nelson v. Univ. of Tex. at Dallas, 535 F.3d 318, 320 (5th Cir. 2008).

[2] Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004)).

[3] Id. (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)).

[4] TEX. PROP. CODE ANN. § 51.002(d) (Vernon 2007).

[5] Id. § 51.002(b)(3).

sale would begin.[6]

Rodriguez cannot rely on § 51.002 as the source of a right to personal notice of the foreclosure sale. Rodriguez's petition does not allege that he is a "debtor . . . according to the records of the mortgage servicer of the debt."[7] Moreover, under Texas law, "[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust."[8] Rodriguez's petition does not allege that he is a party to the deed of trust or otherwise a "debtor" on the loan, and the Substitute Trustee's Deed attached to Rodriguez's petition lists only the Olivareses as debtors. Additionally, Rodriguez's claim to an equitable right of notice based on Ocwen's alleged actual notice of his ownership interest due to its receipt of his payoff quote fails because Ocwen's notification duty extends "to the parties named on the requisite documents as the debtors, and not to other parties, known or unknown."[9] Therefore, regardless of whether Ocwen knew of Rodriguez's interest in the Hanley Property, Texas law imposed no requirement for Ocwen to provide notice to Rodriguez.

Rodriguez also claims that the Olivareses did not actually receive notice of the May 1 sale. This assertion alone cannot state a claim for relief because Texas law only imposes a constructive-notice requirement.[10] To the extent Rodriguez argues that Ocwen failed more generally to comply with § 51.002 as to the Olivareses, his claim also fails. Rodriguez attached and incorporated by

---

[6] Id. § 51.002(b).

[7] Id. § 51.002(b)(3).

[8] Stanley v. CitiFinancial Mortgage Co., 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied).

[9] Casstevens v. Smith, 269 S.W.3d 222, 2008 WL 4660152, at *5 (Tex. App.—Texarkana 2008, no pet. h.) (emphasis added).

[10] See Stanley, 121 S.W.3d at 817 (citing Lambert v. First Nat'l Bank of Bowie, 993 S.W.2d 833, 835 (Tex. App.—Fort Worth 1999, pet. denied)).

reference an Affidavit of Notice to Debtors stating that the Notice of Trustee's Sale was served on the Olivareses by certified mail at least twenty-one days prior to the date of sale, the attached Notice of Trustee's Sale reflects the May 1 sale date, and Rodriguez does not specifically refute the affidavit in his petition. Thus, Rodriguez's petition precludes his claim that Ocwen did not comply with the statutory notice requirements for the May 1 sale.[11]

Rodriguez also claims that the selling price was "grossly inadequate." Under Texas law, a low foreclosure sale price does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings caused or contributed to a grossly inadequate price.[12] We have already held that Rodriguez's claims of impropriety in the foreclosure sale proceedings do not state a claim for relief. Thus, Rodriguez cannot rely on the foreclosure sale price alone as a ground for relief.

Because Rodriguez's petition does not state a claim for wrongful foreclosure under Texas law, we accordingly affirm the district court's dismissal of that claim. Additionally, Rodriguez's breach-of-contract claim rests on the same alleged notice defects as his wrongful-foreclosure claim. Regardless of whether Rodriguez would have standing to bring a breach-of-contract claim, because we hold his petition precludes his wrongful-foreclosure claim, we also

---

[11] See Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) ("A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding.").

[12] See Powell v. Stacy, 117 S.W.3d 70, 75 (Tex. App.—Fort Worth 2003, no pet.) (noting, in considering alleged notice defects under § 51.002, that "[i]nadequacy of consideration does not render a foreclosure sale void if the sale was legally and fairly made. There must also be evidence of some irregularity, though slight, that caused or contributed to the sale for a grossly inadequate price" (citations omitted)); see also Am. Sav. & Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 587 (Tex. 1975) ("[T]he rule is well established that mere inadequacy of consideration is not grounds for setting aside a trustee's sale if the sale was legally and fairly made. There must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price." (citation omitted)).

affirm the district court's dismissal of his breach-of-contract claim on the same ground.

Finally, Rodriguez's original petition asserts a claim for fraud, alleging that Ocwen knew Rodriguez "relied upon [Ocwen's] honesty in dealing with [his] request for payoff and [relied on Ocwen to] send notice of [the] impending foreclosure sale to Sellers in accordance with the Substitute Trustee's Deed, by which [the Olivareses] would have informed [Rodriguez]." The district court held that Rodriguez (1) failed to meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b); (2) failed to allege facts establishing that Ocwen had a duty to disclose any information to Rodriguez; and (3) the statements in the July letter from Ocwen to Rodriguez could not form the basis of a fraud claim because Rodriguez could not have relied on statements to his detriment when the statements were made after the foreclosure sale.

A bare assertion that Ocwen knew Rodriguez would rely on Ocwen's honesty and would rely on Ocwen to send a notice of the foreclosure sale fails to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, [or] explain why the statements were fraudulent."[13] Further, even to the extent that Rodriguez claims Ocwen violated a duty to disclose facts to him, he has "[at] most . . . offered conclusory allegations that such a duty existed, and that [Ocwen] breached it," which is insufficient to meet the pleading standard set forth in Rule 9(b).[14] Finally, because we hold that Rodriguez fails to adequately plead the "the 'who, what, when, where, and how' of the alleged fraud,"[15] we need not consider the district

---

[13] Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008) (quoting Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)).

[14] Carrol v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006).

[15] Id. (quoting Williams v. Bell Helicopter Textron, Inc., 417 F.3d 450, 453 (5th Cir. 2005)).

court's holding that statements in the July 2007 letter cannot form the basis of Rodriguez's fraud claim.

*       *       *

Accordingly, we AFFIRM the district court's order dismissing Rodriguez's claims.