# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2016

Lyle W. Cayce
Clerk

CYNTHIA TREVINO GARZA,

      Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A.,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2359

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Cynthia Garza's mother died intestate, leaving a house in Irving, Texas. Garza and her family moved into the house and attempted to make the monthly payments to Wells Fargo. Wells Fargo refused the payments and would not speak with Garza regarding the mortgage account: the Note and Deed of Trust were executed solely by Garza's mother. Wells Fargo foreclosed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10426

and purchased the property at the foreclosure sale approximately eight months after Garza's mother's passing. Two months later, the probate court awarded Garza 50% interest in her mother's house (Garza's brother disclaimed his 50% interest in the house). Wells Fargo filed an eviction lawsuit and Garza sued. The district court granted Wells Fargo's motion to dismiss. Garza appeals the conclusion that Section 51.002(d) of the Texas Property Code does not give rise to a private cause of action. Having reviewed the briefs and the record, we affirm on other grounds.

## BACKGROUND

We take the allegations in the Appellant's complaint as true. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). We also consider the documents that the Appellant attached to her complaint and the documents that the Appellee attached to its responsive pleadings that were both central to and mentioned by the complaint. *See id.*

In the summer of 2000, Mary Angelita Trevino purchased a house in Irving, Texas, executing a Note and Deed of Trust to secure financing for the property. Trevino refinanced in 2009, executing a new Note and Deed of Trust. Trevino died intestate in 2013. Shortly thereafter, Trevino's daughter and the Appellant in this case—Cynthia Garza—and her family moved into her mother's house. Garza attempted to make the monthly payments on the house, but Wells Fargo refused to accept the payments or speak with Garza regarding the mortgage account. Trevino was the only person to execute the Note and Deed of Trust—she was the sole "borrower." In August 2013, Garza filed an Application to Determine Heirship in probate court. In October 2013, Wells Fargo foreclosed on Trevino's house—in which Garza and her family were living—and purchased it at the foreclosure sale. In December 2013, the probate court awarded Garza a 50% share in Trevino's real property, including

2

No. 15-10426

Trevino's house; the court awarded her brother the other 50%, but he disclaimed his interest in the real property.

In January 2014, Wells Fargo commenced eviction proceedings against Garza. Garza sued, alleging violations of the Texas Property Code and wrongful foreclosure, and seeking (1) specific performance, (2) a declaratory judgment, and (3) to quiet title in the property. Wells Fargo moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), Garza amended her complaint, alleging the same violations and requesting the same remedies, and Wells Fargo again moved to dismiss under Rule 12(b)(6). The district court granted Wells Fargo's second motion to dismiss. Garza appeals.

## DISCUSSION

Garza only challenges the district court's dismissal of her Texas Property Code claim. Because Garza does not challenge the dismissal of her wrongful foreclosure claim or the remedies she requested in her amended complaint, to the extent they are considered claims, she has waived them. *See Sama v. Hannigan*, 669 F.3d 585, 589 & n.5 (5th Cir. 2012). We review de novo a district court's dismissal under Rule 12(b)(6), *see Lone Star Fund V (U.S.)*, 594 F.3d at 387, and we "may affirm the [ ] judgment on any grounds supported by the record." *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citation omitted).

Garza asserts that Wells Fargo violated Section 51.002(d) of the Texas Property Code because it "failed to send proper notices to [Garza] regarding the mortgage loan and foreclosure." She appeals the district court's holding that Texas law "does not recognize an independent cause of action for a violation of [Section 51.002]." Neither the Texas Supreme Court nor this court has decided this issue, though "the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent

3

private cause of action." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015) (citing cases).

We need not reach this issue, however, because even if Section 51.002(d) authorizes an independent cause of action, Garza still fails to state a claim. The statute requires that

> the mortgage servicer of the debt shall serve a *debtor* in default under a deed of trust or other contract lien on real property used as the *debtor's* residence with written notice by certified mail stating that the *debtor* is in default under the deed of trust or other contract lien and giving the *debtor* at least 20 days to cure the default before notice of sale can be given under Subsection (b).

TEX. PROP. CODE ANN. § 51.002(d) (2007) (emphasis added). The statute refers to a debtor as someone "who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *Id.* at § 51.002(b)(3). The record is clear that Trevino—Garza's mother—was the only person to execute the Note and Deed of Trust; thus, Trevino was the only person obligated to pay the debt. Trevino was the only debtor. And as Garza was not a debtor, the district court was correct in holding that she "was not entitled to notice under Texas Property Code section 51.002." *See Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361 (5th Cir. 2014) (unpublished) (holding that a mortgage servicer of the debt must only provide notice under Section 51.002(d) to "a *debtor* in default" (citing § 51.002(d))); *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (unpublished) ("[U]nder Texas law, '[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust.'" (citation omitted)). Therefore, Garza's allegation that "[Wells Fargo] failed to send proper notices to [Garza] regarding the mortgage loan and foreclosure" fails to state a claim: Wells Fargo was not

No. 15-10426

required to provide Garza notice of foreclosure.[1]  Because Garza has not alleged that Wells Fargo violated Section 51.002 of the Texas Property Code, her claim fails.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] In her reply brief, Garza seems to argue for the first time that Wells Fargo did not *send* notice required by § 51.002(d) *at all*, to anyone.  However, her complaint only alleges that Wells Fargo "failed to send proper notices to [Garza] regarding the mortgage loan and foreclosure."