# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 21-11011
Summary Calendar

Leo Robinson,

*Plaintiff—Appellant*,

*versus*

Wells Fargo Bank, N.A.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-601

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Leo Robinson purchased a home encumbered by a mortgage. He did not assume that mortgage but he still made a few payments on it. Ultimately, however, the previous owners of the home and debtors on the mortgage defaulted, prompting Wells Fargo to foreclose on the home. Robinson then

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11011

sued Wells Fargo for wrongful foreclosure. The district court granted Wells Fargo's motion for summary judgment because Robinson failed to produce evidence that there was a defect in the foreclosure—specifically, that he was entitled to notice of the foreclosure or that the notice Wells Fargo gave was defective. We agree with the district court and AFFIRM.

## BACKGROUND

Plaintiff-Appellant Leo Robinson purchased a home at 2306 Van Cleave Drive in Dallas, Texas. He obtained title on the home from the previous owners, the Browns. The Browns had a mortgage on the home with Defendant-Appellee Wells Fargo Bank, N.A. After the Browns sold the home to Robinson, they authorized him to make payments on the mortgage on their behalf. The Browns made no other alterations to the terms or obligations of the mortgage. Although Robinson did not assume the mortgage, from about February 2014 through October 2014, he made five payments to Wells Fargo.

At some point, the Browns defaulted on the mortgage. Wells Fargo then initiated foreclosure proceedings on the home in 2017. Around July and August 2017, Wells Fargo posted the property, published a notice in the Daily Commercial Record for three weeks, and mailed notices to the Browns and Robinson. The home sold at the foreclosure sale on September 7, 2017, for $86,500.

More than two years later, in January 2020, Robinson sued Wells Fargo for wrongful foreclosure in Texas state court. Wells Fargo removed the case to the district court and moved for summary judgment on

No. 21-11011

Robinson's claims.[1] The district court granted the motion and dismissed Robinson's wrongful foreclosure claim because he was not entitled to notice of the foreclosure, and even if he was, he received adequate notice under Texas law. Robinson appeals.

## DISCUSSION

Robinson's wrongful foreclosure claim is premised on Wells Fargo providing him with defective notice of the foreclosure sale. But he was not entitled to notice, and in any event, Wells Fargo produced evidence that it complied with the notice requirements under the Texas Property Code. The district court properly granted summary judgment on the claim, and we accordingly affirm.

A district court's grant of summary judgment is reviewed de novo. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 256 (5th Cir. 2018). The three elements of wrongful foreclosure are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

As stated by the district court, the only defect Robinson alleges is lack of notice. Pursuant to the Texas Property Code, "the mortgage servicer of the debt shall serve a *debtor* in default under a deed of trust or other contract

---

[1] Robinson asserted multiple claims, but he only challenges the grant of summary judgment on the wrongful foreclosure claim.

lien on real property used as the *debtor's* residence with written notice by certified mail stating that the *debtor* is in default . . . before notice of sale can be given." TEX. PROP. CODE § 51.002(d) (emphasis added). The notice of sale must then be sent to the debtor. *Id.* § 51.002(b)(3). A debtor is someone "who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *Id.* Only the individual who executes the deed of trust or loan is obligated to pay the debt. *See Garza v. Wells Fargo Bank, N.A.*, 632 F. App'x 222, 224 (5th Cir. 2016) (stating a debtor is a party to the deed of trust).

There is no dispute that Robinson was not an obligor on the mortgage. He was not a party to the mortgage nor was he required to make payments on it. There is also no evidence that Robinson assumed the mortgage. And importantly, Wells Fargo's records did not show that Robinson was a debtor to the mortgage. *See* TEX. PROP. CODE § 51.002(b)(3) (defining debtor as one obligated to pay the debt "according to the records of the mortgage servicer"). Because Robinson was not a debtor, he was not entitled to notice. *See Garza*, 632 F. App'x at 224 (concluding a non-debtor was not entitled to foreclosure notice and affirming the dismissal of § 51.002 claim).

Robinson's only argument is that he effectively assumed the loan by making five payments in 2014. He fails to acknowledge, however, the Property Code's requirement that the mortgage servicer's records show that he was a debtor and the lack of evidence that he legally assumed the loan rather than simply made a few payments on it. Robinson points to no case law that supports his theory that his five payments were an effective assumption

of the mortgage. Because Robinson did not assume the mortgage, and was not a debtor, he was not entitled to notice.

Even if Robinson was entitled to notice, Wells Fargo produced prima facie evidence that it complied with the notice requirement. "Service of notice is complete when the notice is sent via certified mail." TEX. PROP. CODE § 51.002(e). "The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* Wells Fargo satisfied its burden of proof by presenting evidence of mailing the notice to Robinson and the deed of foreclosure in which the constable attests that she mailed notice to Robinson's last known address. There is no requirement that Robinson receive the notice. *See Martins*, 722 F.3d at 256. Because Robinson provides no evidence to rebut the constable's deed that she mailed him notice, Wells Fargo showed that it complied with the notice requirement in § 51.002(e), even if Robinson was entitled to notice.

## CONCLUSION

Robinson was not a party to the mortgage that encumbered the home. Nor was he obligated to pay the mortgage. Pursuant to the Texas Property Code, he was therefore not a debtor entitled to notice when Wells Fargo foreclosed on the home. And if he were entitled to notice, Wells Fargo produced evidence that it complied with the Texas Property Code's notice requirements. Robinson has failed to produce evidence on the defect element of his wrongful foreclosure claim. We thus AFFIRM the district court's order granting Wells Fargo's motion for summary judgment.