

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00039-CV

MATTSNOW PROPERTIES, LLC,
MARK D. MATTLAGE-THURMOND, AND ROBERT J. SNOWDEN, Appellants

V.

FIRST NATIONAL BANK OF
MCGREGOR D/B/A TFNB YOUR BANK FOR LIFE, Appellees

On Appeal from the 414th District Court
McLennan County, Texas
Trial Court No. 2021-209-5

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

MattSnow Properties, LLC (MattSnow), Mark D. Mattlage-Thurmond (Mattlage), and Robert J. Snowden (Snowden) (collectively Appellants) sued First National Bank of McGregor d/b/a TFNB Your Bank for Life (Bank) following a dispute over a September 2018 construction loan obtained from the Bank. The trial court granted summary judgment in favor of the Bank and dismissed all of Appellants' claims.[1] Appellants argue that the trial court erred by concluding, among other things, that their claims were barred by a prior settlement resulting in Appellants' admission of amounts owed on various construction loans, including the September 2018 loan, and their agreement that the Bank was entitled to foreclose on collateral if the loan amounts were not timely paid.[2] Because we conclude that the summary judgment was proper, we affirm the trial court's judgment.

I.      **Factual and Procedural Background**

Starting in 2015, Mattlage, Snowden, and their company, MattSnow, entered into a series of transactions with the Bank that resulted in debts of more than $1 million to the Bank. Those transactions were the subject of both state and federal litigation (including bankruptcy), as well as a federal and then a state appeal. The present appeal (the second state appeal) is over the

---

[1]Appellants also sued Walt Fair PLLC, which is not a party to this appeal. Their claims against Walt Fair and the Bank's claim for attorney fees were severed into a different cause, making the trial court's summary judgment a final, appealable order.

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

foreclosure on property pledged in 2018 as security for a 2018 note. Because this case is largely determined by its factual and procedural history, we discuss it in detail.

Mattlage and Snowden obtained a purchase-money mortgage from Capital Farm Credit to buy a 185-acre tract of property located in McLennan County, Texas (Crawford Property), from Mattlage's father. In 2015, the Bank refinanced the purchase-money mortgage on the Crawford Property, which Mattlage and Snowden sought to develop as a men's retreat. *Mattlage-Thurmond v. First Nat'l Bank of McGregor*, No. 10-22-00019-CV, 2022 WL 4546902, at *1 (Tex. App.—Waco Sept. 28, 2022, no pet.) (mem. op.). To effectuate that goal, Mattlage and Snowden obtained a series of short-term construction loans from the Bank.[3] They also conveyed three separate tracts of land to MattSnow by warranty deed, which MattSnow pledged as collateral for another $272,400.00 construction loan from the Bank.

On September 19, 2018, Mattlage and Snowden, "individually, signed a promissory note ('Note') for $272,400," promising to pay $2,128.50 per month "payable on or before the 19th day of each and every calendar month, beginning October 19, 2018[,] and continuing regularly thereafter until the 36th installment." The note was secured by a deed of trust, also executed on September 19, from MattSnow in favor of the Bank, which pledged the three separate tracts of land as collateral. The deed of trust contained a metes and bounds description of each tract of land, provided for acceleration of debt if any "default continue[d] after any required notice of the default," and was set to mature on September 19, 2038.

---

[3]Those construction loans are the subject of our opinion resolving Appellants' appeal in cause number 06-23-00040-CV.

Mattlage and Snowden "built a swimming pool and an apartment complex on the [Crawford] [P]roperty, and they partially completed the RV park. However, they could not complete the project in its entirety due to overspending and weather delays, amongst other issues." *In re Mattlage-Thurmond*, No. 22-50032, 2022 WL 3544393, at *1 (5th Cir. Aug. 18, 2022) (per curiam). They "nonetheless opened their venue to the public but were unable to realize their financial projections for revenues. The Bank tried to help by extending the notes' maturity and payment terms," but Mattlage and Snowden "were unable even to make interest-only payments on the notes." *Id.*

As noted by the Waco Court of Appeals, because "Mattlage and Snowden eventually stopped making payments on the loans, . . . [the Bank] began the process for foreclosure of the [Crawford Property]." *Mattlage-Thurmond*, 2022 WL 4546902, at *1. Also, Appellants admit in their brief that they "do not dispute [that] Matt[S]now defaulted under the [construction] loan[s]," including the one that is the subject of this case. Accordingly, on August 12, 2019, the Bank sent a notice of acceleration and foreclosure notice letter to MattSnow Properties, providing notice of a foreclosure sale of the three tracts of land described by the deed of trust.

In response to the Crawford Property foreclosure, "Mattlage and Snowden filed suit in district court in McLennan County alleging fraud and fraudulent inducement claims asserting that there was an agreement to consolidate the construction loans." *Id.* Also, "on November 4, 2019, [they] filed a voluntary Chapter 11 bankruptcy [case]." *In re Mattlage-Thurmond*, 2022 WL 3544393, at *1. "The district court suit was removed to bankruptcy court," where the Bank

4

provided notice of its claims related to the September 2018 construction loan, which became the subject of a separate bankruptcy proceeding. *Mattlage-Thurmond*, 2022 WL 4546902, at \*1.

On February 26, 2020, after a settlement conference, the bankruptcy court entered an agreed order between Mattlage and Snowden and the Bank. In relevant part, the agreed order stated,

> [Mattlage and Snowden] owe additional amounts to [the Bank] pursuant to a Promissory Note dated September 19, 2018, in the original principal amount of $272,400.00 . . . and [Mattlage's and Snowden's] obligations herein, are further secured by certain real properly owned by Matt[S]now Properties, LLC . . . [which] is a chapter 11 debtor pending before the Court in Case No. 19-60649.
>
> . . . .
>
> [Mattlage and Snowden] contemplate payment of the amounts owed to [the Bank] as described herein shall be paid . . . pursuant to a new loan or loans from a lender or lenders other than [the Bank], and the parties shall cooperate to the extent reasonably necessary to execute documentation required, and to the extent the expedited dismissal of the current case or of the Matt[S]now Bankruptcy Case is required for such loans, the parties shall cooperate in seeking such expedited dismissal with prejudice (for 90 days), under terms consistent with this Agreed Order.

Mattlage, Snowden, and the Bank further agreed that, as a separate obligation, "[b]y August 1, 2020, all the Debtors' remaining obligations to [the Bank], including the September 2018 Note, plus non-default interest and all fees and expenses referenced herein, shall be paid in full."[4] The

---

[4]Also, the bankruptcy court granted the Bank's motion for summary judgment against Mattlage's and Snowden's claims including fraudulent inducement, intentional misrepresentation, and fraud" based on alleged oral promises by the Bank to consolidate all of their loans. *Mattlage-Thurmond*, 2022 WL 4546902, at \*1, \*4. Mattlage and Snowden appealed the bankruptcy court's summary judgment order "to the United States District Court for the Western District of Texas in Waco," to no avail. *Id.* at \*1. Mattlage and Snowden again appealed to the Fifth Circuit, which found, "To the extent [Mattlage and Snowden] assert that they are entitled to equitable relief, they have provided no legal basis to support this contention. . . . The bankruptcy court held hearings, reviewed the evidence on multiple occasions, and determined that . . . the statute of frauds barred the[ir] claims." As a result, the Fifth Circuit affirmed the summary judgment. *In re Mattlage-Thurmond*, 2022 WL 3544393, at \*5.

5

agreed order further stated, "Should any of the preceding Obligations not be timely satisfied in full as [set] forth herein, the automatic stay shall be lifted . . . . Time is of the essence." After the entry of the agreed order, the separate MattSnow bankruptcy proceeding was dismissed.

Appellants did not pay the Note by August 1, 2020, as required by the agreed order. On January 12, 2021, the Bank sent a notice of foreclosure stating that the three tracts of land described by the deed of trust would be sold on February 2, 2021.

On January 27, 2021, Appellants filed their first petition in this case seeking a temporary restraining order to prevent the foreclosure of the three tracts of land. Appellants admitted that the "property's legal description in the Foreclosure Notice [was] the same" as the following metes and bounds description in the 2015 warranty deed from Mattlage and Snowden to MattSnow:

Tract One:

Being a part of that certain tract of land, more or less, conveyed to Katie Freeman Clark to Grady Bond, et ux, and being a part of the M. Barrett Survey, and a part of the Tyson 8.66 acre tract, in the City of McGregor, McLennan County, Texas;

BEGINNING at the NW corner of the tract hereinbefore referred to conveyed to said Bond, at an iron stake at the intersection of the South line of 21st Street with the East line of Avenue "Q" or Monroe Street;

THENCE S 26-1/2° E with said Monroe Street 190 feet to stake for point of beginning;

THENCE N 59° E 124 feet to stake for corner;

THENCE 28° E 60 feet to stake for corner, same being the NE corner of the tract owned by Mattlage;

THENCE S 58° W with said Mattlage North Line a distance of 124 feet to the East line of Avenue "Q" or Monroe Street;

THENCE N 26-1/2° W 60 feet along the East line of said Avenue "Q" or Monroe Street to the place of beginning.

Tract Two:

Being all that certain tract or parcel of land in the City of McGregor, McLennan County, Texas, the same being a tract 75 feet by 120 feet out of a tract conveyed to John D. Freeman by M. J. Montgomery and wife, and being part of the Tyson 8 and one third acres out of the Emma R. Cobb 25 acres of the M. Barrett Survey, and being the same property conveyed to C. Mattlage by deed recorded in Volume 497, page 277 of the McLennan County Deed Records;

BEGINNING this lot as the S.W. corner of a lot conveyed to said C. Mattlage by John D. Freeman, Jr.;

THENCE S 25 W with street 75 feet to corner;

THENCE N 65 E 120 feet to corner;

THENCE N 25 W 75 feet to corner on the South line of said Mattlage's purchase from John D. Freeman, Jr.;

THENCE S 65 W 120 feet to the beginning.

Tract Three:

Being all that piece or parcel of land, situate, lying and being in the County of McLennan, State of Texas and being the same land described in a deed from John D. Freeman and wife, Ella B. Freeman to John D. Freeman, Jr., dated April 26th, 1913, and filed for record in the deed records of McLennan County, Texas, and recorded in Volume 269, page 7 to which and the record thereof reference is here made. The same being part of the Tyson 8 and a third acres of the Emma R. Cobb 25 acres tract;

This tract bounded as follows: BEGINNING N 60 E 60 feet for the S.E. corner of Block One of the Koyer Addition as recorded;

THENCE N 25 W with street 75 feet;

THENCE N 65 E 115 feet;

THENCE S 25 E 75 feet;

THENCE S 65 W 115 feet to the beginning.

Even so, the crux of Appellants' argument in their petition was that, although the deed of trust and notice of foreclosure contained the same property descriptions for the three tracts of land pledged to secure the note, the "legal description . . . [wa]s wholly insufficient to identify the property being sold" because of alleged deficiencies in Tract Two's description.

The metes and bounds descriptions of Tract One and Tract Three in the deed of trust were the same as the property descriptions in the warranty deed, and there is no dispute about the sufficiency of the property descriptions as to those tracts. However, the description of Tract Two in the deed of trust omitted the following language in Tract Two's description: "being the same property conveyed to C. Mattlage by deed recorded in Volume 497, page 277 of the McLennan County Deed Records." It also said, (1) "a tract 75 feet by 120 feet out of a tract conveyed to me by M.J. Montgomery and wife" instead of "a tract 75 feet by 120 feet out of a tract conveyed to John D. Freeman by M.J. Montgomery and wife," and (2) "BEGINNING this lot as the S.W. corner of a lot conveyed to said Mattlage by my son John D. Freeman, Jr[.]" instead of "BEGINNING this lot as the S.W. corner of a lot conveyed to said C. Mattlage by John D. Freeman, Jr." With respect to Tract Two, Appellants argued the following:

> The first deficiency in Tract Two is in the first sentence of Tract Two's description, "conveyed to me." "Me" is never identified in the description, and there is no other identifying conveyance or clerk's record number to identify the conveyance. The second and third deficiencies are in the same sentence. It wholly fails to identify which part of the "Tyson 8 and one third acres" Tract Two comes from and where the 25 acres M Barrett Survey is or can be located. The fourth deficiency occurs in [paragraph] 2 where it identifies "Mattlage." It is impossible to determine which "Mattlage" this conveyance refers to. Further, it

8

provides no county record as reference. The fifth deficiency involves the same reference to an unidentifiable "Mattlage" in [paragraph] 5 of Tract Two's description.

Another notice of a March 2 foreclosure was sent on February 4, 2021. By a February 2021 amended petition, Appellants also (1) asserted a cause of action for breach of the deed of trust because of the alleged insufficient property description, which they contended violated Section 5.021 of the Texas Property Code's requirement that a conveyance of land be in writing[5] and (2) sought a declaration stating that the property description failed to describe all three tracts of land with reasonable certainty.

Among other things, the Bank answered that Appellants could not sue for breach of contract on the deed of trust since they had materially breached it, clarified that their foreclosure actions were based on the breach of the agreed order, and asserted that Appellants agreed to the property descriptions and should be estopped from arguing any inadequacy in those descriptions. The Bank also argued that Appellants' claims were barred by "collateral estoppel, res judicata, and/or claim preclusion" due to their settlement resulting in the agreed order.

On March 2, 2021, the three tracts of land were foreclosed. The trustee's deed from the foreclosure sale was admitted into evidence. The case remained stagnant until the Bank filed no-evidence and traditional motions for summary judgment on February 8, 2023. The Bank argued that Appellants had no evidence to support their contention that the property description was insufficient, that Section 5.021 applied, or that they were entitled to declaratory relief since the

---

[5]Section 5.021 of the Texas Property Code states, "A conveyance of an estate of inheritance, a freehold, or an estate for more than one year, in land and tenements, must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing." TEX. PROP. CODE ANN. § 5.021.

9

foreclosure had already occurred. As for the traditional motion, among other things, the Bank argued that the validity of the debt owed by Appellants was fully litigated, that the terms of the agreed order governed, and that res judicata, collateral estoppel, and claim preclusion barred complaints about the property description. The Bank also argued (1) that any complaint for failing to follow foreclosure procedures described by Section 51.002[6] of the Texas Property Code did not provide for a private right of action,[7] (2) that Appellants were estopped from challenging the property description, and (3) that they were not entitled to declaratory judgment because the three tracts of land had already been sold in foreclosure. In support of its motion, the Bank filed the declaration of Samuel Fisher, which stated, "The acceleration of the 2018 Note pursuant to the Agreed Order was a term the parties negotiated and expressly agreed upon to avoid [the Bank's] immediate foreclosure of the Property."

After the Bank's summary judgment motion was filed, Appellants amended their petition to include a Texas Debt Collection Practices Act violation for "notic[ing] a foreclosure sale despite its failure to comply with the Texas Property Code" and for conducting the foreclosure

---

[6]Appellants' petition stated, "Plaintiffs also seek a declaration from this Court stating that the property description in the Notice of Foreclosure is insufficient, fails to describe the property with 'reasonable certainty,' and would cause a chilling effect of any foreclosure sale." Section 51.002 of the Texas Property Code requires written notice of a foreclosure sale. *See* TEX. PROP. CODE ANN. § 51.002 (Supp.). It appears that, although Appellants' petition did not mention Section 51.002, the Bank believed that Appellants were contesting the sufficiency of the written notice because of the alleged insufficient property description. We will not recharacterize Appellants' claims as raising a cause of action under Section 51.002.

[7]"Neither the Texas Supreme Court nor [the Fifth Circuit] has decided this issue, though 'the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action.'" *Garza v. Wells Fargo Bank, N.A.*, 632 F. App'x 222, 224 (5th Cir. 2016) (quoting *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015)); *see Agustin v. U.S. Bank, N.A.*, No. 4:22-CV-00671, 2023 WL 6536154, at *3 (S.D. Tex. Aug. 15, 2023) (order) ("Section 51.002 of the Texas Property Code does not provide plaintiffs with a private right of action for damages." (citing *Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) (mem. and order) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."))).

absent a valid contractual right to foreclose. It also asserted a wrongful foreclosure claim for failing to comply with the deed of trust.

Following a hearing, the trial court granted the Bank's summary judgment and dismissed all of Appellants' claims, with prejudice.

## II. Standard of Review

"We review a trial court's summary judgment de novo." *Mattlage-Thurmond*, 2022 WL 4546902, at *4 (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). Where, as here, "the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment motion is meritorious." *Lotito v. Knife River Corp.-S.*, 391 S.W.3d 226, 227 (Tex. App.—Waco 2012, no pet.) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)). The Waco Court of Appeals has stated,

> [I]f a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and alternatively asserts that the movant has conclusively negated that same element of the claim, we address the no-evidence motion for summary judgment first.

*Williams v. Parker*, 472 S.W.3d 467, 469–70 (Tex. App.—Waco 2015, no pet.). This appeal is partially resolved by applying a no-evidence standard of review, but the remainder of this appeal involves application of the traditional summary judgment standard.

"A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict." *Mattlage-Thurmond*, 2022 WL 4546902, at *4 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006)). "Once such a motion is filed, the burden shifts to the nonmoving

11

party to present evidence raising an issue of material fact as to the elements specified in the motion." *Id.* (citing *Tamez*, 206 S.W.3d at 583). "The nonmovant must produce 'summary judgment evidence raising a genuine issue of material fact.'" *Id.* (quoting TEX. R. CIV. P. 166a(i)). "When determining if more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant." *Id.* (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)).

"The movant in a traditional summary judgment motion must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985)). "We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Id.* "In our review, we take the nonmovant's competent evidence as true." *Id.* (citing *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005)).

## III. There Was No Evidence of a Breach of Contract

"Breach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Appellants alleged that the Bank breached the terms of the deed of trust. Their cause of action argued that, because the property description in the last notice of foreclosure was allegedly insufficient to describe the tracts of land with

12

reasonable certainty, the Bank breached the deed of trust's requirement that the notice comply with the Texas Property Code. We find that, because Appellants had no evidence to support every element of their breach of contract claim, the trial court properly granted the Bank's no-evidence motion for summary judgment.

As for the first element of the breach of contract claim, Appellants do not discuss the impact of the agreed order on the deed of trust. It is undisputed that Appellants defaulted on the Note, which was secured by the deed of trust. As a result, during bankruptcy, Mattlage and Snowden agreed to pay off the Note by August 1, 2020. The terms of the negotiated agreed order supplanted the terms of the Note and deed of trust and provided that, on default of the agreed order, the automatic stay would be lifted to allow the Bank to foreclose.

As for the second element, "a plaintiff must allege her own performance, because 'a party to a contract who is . . . in default cannot maintain a suit for its breach.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (affirming dismissal of plaintiff's breach of contract claim against a bank in the face of evidence that she was in default) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam)). Here, even assuming that the deed of trust still governed the party's agreement, there was no evidence that Appellants tendered performance as required by it, which was "a condition precedent to recovery under the express contract." *Murray v. Crest Const., Inc.*, 900 S.W.2d 342, 345 (Tex. 1995) (per curiam) (citing *Dobbins*, 785 S.W.2d at 378); *see Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 200 (Tex. 2004) (per curiam) (a material breach discharges the other party from its duties under the contract); *May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597-D, 2013 WL 2984795, at *2

13

(N.D. Tex. June 17, 2013) (mem. op. and order) (dismissing plaintiff's claim that a bank breached the terms of a deed of trust by failing to provide sufficient foreclosure notice after concluding that plaintiff could not maintain the cause of action since they defaulted on their payment obligation). The record also shows that Appellants did not comply with the agreed order, which supplanted the terms of the deed of trust. Consequently, there was no evidence of the second element required to establish a breach of contract claim.

Even so, Appellants argue that the provisions of the deed of trust that the Bank allegedly breached contemplate default, and, as a result, they were excused from establishing their performance. This argument fails to acknowledge the impact of the agreed order, which was entered after the first notice of foreclosure was given. Even so, Appellants did not establish that the Bank materially breached the terms of the deed of trust because they received notice of foreclosure using the same property description set forth by the express terms of the deed of trust.

To the extent that Appellants argued that the property's description was insufficient, we disagree. As noted by the Texas Supreme Court,

> The rule by which to test the sufficiency of the description is so well settled at this point in our judicial history, and by such a long series of decisions by this court, as almost to compel repetition by rote: To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty.

*Moore v. Bearkat Energy Partners, LLC*, No. 10-17-00001-CV, 2018 WL 683754, at *4 (Tex. App.—Waco Jan. 31, 2018, no pet.) (mem. op.) (quoting *Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972)). "[W]hile the sufficiency of the writing under the statute of frauds is a question

14

of law, '[i]f enough appears in the description so that a person familiar with the area can locate the premises with reasonable certainty, it is sufficient to satisfy the statute of frauds.'" *Id.* (alterations in original) (citing *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 237 (Tex. App.— Dallas 2004, pet. denied) (citing *Gates v. Asher*, 154 Tex. 538, 280 S.W.2d 247, 248–49 (1955)). "The instrument's property description need not be mathematically certain, but only 'reasonably certain' so as to enable a person familiar with the area to identify the property to be conveyed to the exclusion of other property." *Thomas v. Miller*, 500 S.W.3d 601, 608 (Tex. App.— Texarkana 2016, no pet.); *see Davis v. Mueller*, 528 S.W.3d 97, 101 (Tex. 2017).).

Here, the property description in the deed of trust and last foreclosure notice referenced other existing writing by which the land to be conveyed could be identified with reasonable certainty. The property description referenced a seventy-five-foot by 120-foot tract that was conveyed by "M.J. Montgomery and wife," which was a "part of the Tyson 8 and one third acres out of the Emma R. Cobb 25 acres of the M Barrett Survey." The existing writing was the conveyance by M.J. Montgomery and wife, which supplied the missing information. Appellants attached the 2015 warranty deed to their petition, which showed that the conveyance of a seventy-five-foot by 120-foot tract from M.J. Montgomery and wife was to John D. Freeman. The warranty deed further stated that this conveyance of Tract Two was "part of the Tyson 8 and one third acres out of the Emma R. Cobb 25 acres of the M. Barrett Survey" and clearly identified Tract Two by stating it was "the same property conveyed to C. Mattlage by deed recorded in Volume 497, page 277 of the McLennan County Deed Records." As a result, Tract Two was identified with reasonable certainty.

15

For the foregoing reasons, we conclude that the trial court properly found that the Bank conclusively negated at least one element of the Appellants' breach of contract claim and properly granted the Bank's no-evidence motion for summary judgment on this cause of action.

## IV.     The Claim for Declaratory Relief Is Moot

Next, Appellants sought declaratory relief "stating that the property description in the Notice of Foreclosure is insufficient."[8]   Because the property has already been sold by foreclosure, we find the issue moot.

We first note that Appellants agree that the property description of the three tracts of land contained in the notice of foreclosure were the same description set forth by them in the deed of trust[9] and described the same property contained in the 2015 warranty deed from Mattlage and Snowden to MattSnow.   Their petition only raised issues with the portion of Tract Two's description, which we described above.

"The mootness doctrine limits courts to deciding cases in which an actual controversy exists."  *F.D.I.C. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994).  "When the judgment of this Court can have no effect on an existing controversy, a case becomes moot."  *U.S. Bank Nat'l Ass'n v. H & H Pipe & Steel*, No. 12-20-00142-CV, 2021 WL 922938, at *6 (Tex. App.—Tyler Mar. 10, 2021, pet. denied) (mem. op.) (citing *Nueces Cnty.*, 886 S.W.2d at 767).  Appellants sought a declaration stating that the property description in the last notice of foreclosure was

---

[8]Appellants also sought declaratory relief "stating the rights and status of the parties to the Contract," but our conclusion that there was no evidence of at least one element of their breach of contract claim is dispositive of this issue.

[9]The deed of trust required MattSnow to "defend title to the [three tracts of land]."

16

insufficient.[10]  It was undisputed that the three tracts of land were sold by foreclosure on March 2, 2021. "Because the property which was the subject of this appeal has been sold, any judgment issued by the Court would have no effect as there is no longer a controversy to resolve." *Id.* (finding moot counter-appellant's claim that "the property description contained in the . . . deed of trust [was] insufficient to convey an interest" where the property was sold by foreclosure); *see S. Padre Dev. Co. v. Tex. Com. Bank Nat'l Ass'n*, 538 S.W.2d 475, 479 (Tex. App.—Corpus Christi 1976, no pet.).

## V.      The Trial Court Did Not Err by Dismissing Appellants' Remaining Claims

Next, after the summary judgement motion was filed, Appellants amended their petition to include claims for wrongful foreclosure based on the inadequate property description and violations of the Texas Debt Collection Practices Act for (1) noticing a foreclosure sale "despite its failure to strictly adhere to the Texas Property Code" and (2) conducting a foreclosure sale "absent a valid contractual right to foreclose."[11]  They argue that the trial court erred by dismissing those newly filed claims because the summary judgment motion did not include them. The Bank argues that the Appellants simply "re-packag[ed]" their existing claims and that its summary judgment motion was sufficiently broad to encompass them. We agree.

---

[10]Appellants' petition also raised causes of action based on the property description of past notices of foreclosure. Those causes of action were mooted by the last foreclosure notice. *See Wright v. First Nat'l Bank of Bastrop*, No. 03-12-00594-CV, 2013 WL 1748741, at *3 (Tex. App.—Austin Apr. 19, 2013, no pet.) (mem. op.) ("[A]ny complaints that the Bank did not have the right to accelerate the note and foreclose because of the manner in which it provided [plaintiff] notices in the past are moot because the Bank did not proceed with foreclosure pursuant to those notices.").

[11]Appellants also sought an accounting.

17

"[W]hen a later-filed claim is involved, if the motion for summary judgment is sufficiently broad to encompass that claim, then the movant need not amend his motion." *Owens v. McLeroy, Litzler, Rutherford, Bauer & Friday, P.C.*, 235 S.W.3d 388, 391 (Tex. App.—Texarkana 2007, no pet.) (citing *Zarzana v. Ashley*, 218 S.W.3d 152, 162 (Tex. App.—Houston [14th Dist.] 2007, pet. struck)). "Similarly, where a defendant conclusively disproves an element common among pleaded causes of action, summary judgment is proper." *Id.* (citing *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 922 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). "In a nod to reality, summary judgment may be properly granted on later-pleaded causes of action if the grounds actually asserted show that the plaintiff could not recover on the later-pleaded cause of action." *Id.* (citing *Ortiz v. Collins*, 203 S.W.3d 414, 423 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

Appellants argue that the Bank's no-evidence motion for summary judgment on the breach of contract and declaratory judgment claims could not be used to dismiss the newly filed claims. After reviewing the no-evidence portion of the Bank's summary judgment motion, we agree that it is not broad enough to cover the new claims. As a result, we will turn to the Bank's traditional motion for summary judgment.

In its traditional motion, the Bank argued that the plaintiffs' claims were barred by res judicata as a result of the agreed order. "Because the issue is whether the federal bankruptcy court order bars the [plaintiffs'] claims in state court, the federal law of res judicata controls." *Mitchell v. Fort Davis State Bank*, 243 S.W.3d 117, 122 (Tex. App.—El Paso 2007, no pet.) (citing *Geary v. Tex. Com. Bank*, 967 S.W.2d 836, 837 (Tex. 1998) (per curiam) (since

bankruptcy is a federal proceeding, federal law controls whether res judicata will bar a later state court proceeding)).

"A bankruptcy judgment bars a subsequent suit if: (1) both cases involve the same parties; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases." *In re Mattlage-Thurmond*, 2022 WL 3544393, at \*3 (citing *Latham v. Wells Fargo Bank, N.A.*, 896 F.2d 979, 983 (5th Cir. 1990)).

The record showed that there were two bankruptcy proceedings occurring at the same time. The agreed order was entered in Mattlage and Snowden's bankruptcy. However, before the agreed order, on January 6, 2020, the Bank filed proof of its claim pursuant to the deed of trust in the MattSnow bankruptcy proceeding and included such proof, as well as a sworn statement of the claim, in its summary judgment evidence. The agreed order incorporated this claim and required Mattlage and Snowden to pay it. Because Mattlage, Snowden, and MattSnow were affected by the agreed order, we conclude that it involved the same parties before us. As for the second requirement, Appellants do not dispute that the agreed order was entered by a court of competent jurisdiction.

As for the third requirement, "'an order allowing a proof of claim is . . . a final judgment' for purposes of res judicata." *Id.* (citing *In re Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993)). Also, "an order granting relief from an automatic stay is a final and appealable order." *In re Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997). The "bankruptcy court's February 26, 2020[,] entry of the Agreed Order" acknowledged the claim filed on the deed of trust and expressly

19

stated that the parties agreed to pay it. *In re Mattlage-Thurmond*, 2022 WL 3544393, at *3. It also stated that, if Appellants did not "timely satisfy" their obligation to repay the Note in full by August 1, 2020, "the automatic stay [would] be lifted." As a result, this constituted an order allowing the Bank's claim, which was a final judgment. *See id.*

Next, we address whether the same cause of action was asserted. Federal courts apply "the transactional test of Section 24 of the Restatement (Second) of Judgments." *Id.* "Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had '"with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."'" *Id.* (alteration in original) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (quoting Restatement (Second) of Judgments § 24(1) (1982))). "The critical issue under this determination is whether the two actions under consideration are based on 'the same nucleus of operative facts.'" *Id.* at *4 (quoting *Osherow v. Ernst & Young, LLP (In re Intelogic Trace, Inc.)*, 200 F.3d 382, 386 (5th Cir. 2000)). "[T]he type of relief requested, substantive theories advanced, or types of rights asserted" are not the focus of this test. *Id.* (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)).

Here, the Fifth Circuit has eased our analysis in this matter. As noted by the Fifth Circuit, all of Appellants' claims "relate[d] to the parties' lending and borrowing relationship." *Id.* The Bank claims that Appellants owe them money as a result of their default on the construction loan and that they are entitled to foreclose on the collateral pledged to secure the debt. Albeit by other causes of action, Appellants argue that the Bank was not entitled to foreclose. "In short, the 'factual predicate of the claims asserted' entirely revolves around

20

construction on the Crawford Property, the loans provided for the construction, the Debtors' obligations to pay back the loans, and the Bank's attempts to recover its money." *Id.* "Thus, the claims are the same under the transactional test, and the fourth element of *res judicata* is satisfied." *Id.*

"[W]here the four elements of the *res judicata* test are met, we must also determine whether 'the previously unlitigated claim could or should have been brought in the earlier litigation.'" *Id.* at *3 (citing *D-1 Enters., Inc. v. Com. State Bank*, 864 F.2d 36, 38 (5th Cir. 1989)). This is because "[a]n arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court. Any attempt by the parties to relitigate any of the matters that were raised or could have been raised therein is barred under the doctrine of *res judicata*." *Id.* (citing *In re Brady, Tex., Mun. Gas Corp.*, 936 F.2d 212, 215 (5th Cir. 1991)).

"This final stage involves a two-step analysis: First, we must ascertain 'whether and to what extent [the Debtors] had actual or imputed awareness prior to the [agreed order] of a real potential for [the currently asserted] claims against [the Bank]'; and, second, 'whether the bankruptcy court possessed procedural mechanisms that would have allowed [the Debtors] to assert such claims.'" *Id.* at *4 (alterations in original) (quoting *Osherow (In re Intelogic Trace, Inc.*), 200 F.3d at 388).

Appellants' new causes of action for wrongful foreclosure and violations of the Texas Debt Collection Practices Act complain about the Bank's alleged failure to strictly adhere to the Texas Property Code by allegedly providing an insufficient property description. They also allege a violation of the Texas Debt Collection Practices Act "absent a valid contractual right to

21

foreclose." Appellants had received a notice of foreclosure before the bankruptcy proceedings that contained the exact same property description set forth by the last notice of foreclosure. As a result, they were aware of the potential for such a cause of action and could have raised their complaints by challenging the Bank's proof of claim instead of agreeing to pay it by the agreed order. Any challenge to whether the Bank had a contractual right to foreclose should have also been raised in the bankruptcy proceedings. *See id.* at *5.

We conclude that the Bank established the defense of res judicata as a matter of law. As a result, res judicata applied to foreclose the newly asserted claims, and the trial court did not err by dismissing them.

## VI. Disposition

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     November 6, 2023
Date Decided:     November 20, 2023